■ FREDERICK C. HOEHN, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, Respondent. [613 NYS2d 700] —In a negligence action to recover damages for personal injuries, the plaintiff appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Leone, J.), entered September 3, 1992, as granted that branch of the defendant's motion for summary judgment which was to dismiss that part of the plaintiff's complaint which sought recovery pursuant to General Municipal Law § 205-e, and (2) from an order of the same court, entered November 10, 1992, which, *inter alia,* denied his motion denominated as one for "renewal, reargument and reconsideration", which in reality was a motion for reargument.

Ordered that the appeal from the order entered November 10, 1992, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered September 3, 1992, is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was for summary judgment dismissing that part of the plaintiff's complaint which sought recovery pursuant to General Municipal Law § 205-e is denied, and that part of the complaint is reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff, a New York City Police Officer, was assigned to an emergency service unit. On November 16, 1987, both he and his partner were called to go to Eighth Avenue between 40th and 41st Streets to move a steel plate, which had shifted south several feet, back into position over an excavation site. While attempting to perform this task with crow bars, the plaintiff lost his grip on his crow bar, causing it to fly forward and strike his right foot.

The plaintiff commenced an action against the defendant Consolidated Edison Company of New York (hereinafter Con Ed) sounding in common law negligence and a violation of General Municipal Law § 205-e. The Supreme Court granted the defendant's motion to dismiss the complaint in its entirety.

On the instant appeal, the plaintiff does not argue that the branch of his complaint which was based upon common law negligence was improperly dismissed. Indeed, that branch of the complaint is barred by the "fireman's rule", since he was

injured while performing a police function for which he was trained and compensated (see, Cooper v City of New York, 81 NY2d 584; Santangelo v State of New York, 71 NY2d 393). However, the Supreme Court erred in dismissing that part of the plaintiff's complaint which sought recovery pursuant to General Municipal Law § 205-e. The plaintiff's opposing papers raised an issue of fact as to whether the defendant failed to comply with the rules of the New York City Department of Transportation (see, 34 RCNY 2-13 [d] [2]; 2-33 [d]), concerning the proper securing of plating over excavation sites (see, e.g., Malsky v Towner, 196 AD2d 532). Mangano, P. J., Bracken, Pizzuto and Hart, JJ., concur.