■ ROBERT SANDT et al., Appellants, v NEW YORK RACING ASSOCIATION, INC., et al., Respondents. [734 NYS2d 183] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated January 29, 2001, as granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff Robert Sandt did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) from a judgment of the same court entered March 5, 2001, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

In support of their cross motion for summary judgment, the defendants submitted evidence that the plaintiff Robert Sandt was suffering from preexisting hypertrophic degenerative arthritis affecting his cervical spine at the C5-C6 and C6-C7 levels, and his left shoulder. They also submitted the probative medical reports of their examining orthopedist and neurologist, which were based upon examinations conducted over two years after the subject accident. The reports indicated that Robert Sandt suffered a contusion or sprain of the neck and left shoulder which had completely subsided, he had full range of motion in his cervical spine, there were no objective findings of the left shoulder, and he had no orthopedic or neurological disability. Thus, the defendants made a prima facie showing that Robert Sandt did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see, Holmes v Hanson,* 286 AD2d 750; *Duldulao v City of New York,* 284 AD2d 296; *Villalta v Schechter,* 273 AD2d 299, 300; *Nisnewitz v Renna,* 273 AD2d 210; *Guzman v Michael Mgt.,* 266 AD2d 508).

The medical evidence submitted by the plaintiffs in opposition to the motion was neither sworn to nor affirmed to be true under penalty of perjury and thus did not constitute competent evidence (*see, Mezentseff v Lau,* 284 AD2d 379; *Meric v Cancela,* 275 AD2d 309; *Slavin v Associates Leasing,* 273 AD2d 372; *Moore v Tappen,* 242 AD2d 526). Thus, the defendants' cross motion was properly granted. Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.