■ MEG H. COVERT et al., Respondents, v RANA SAMUEL et al., Appellants. [862 NYS2d 688]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 9, 2007 in a personal injury

action. The order, insofar as appealed from, granted plaintiffs' cross motion for partial summary judgment on liability.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs and the cross motion is denied.

Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly sustained by Meg H. Covert (plaintiff) when the vehicle she was driving was rear-ended by a vehicle driven by defendant Rana Samuel and registered to defendant Sam J. Samuel. We note at the outset that defendants are correct that plaintiffs' cross motion for partial summary judgment on liability, seeking partial summary judgment on the issues of negligence and serious injury (see Ruzycki v Baker, 301 AD2d 48, 51-52 [2002]), was untimely. Absent an order to the contrary, a party seeking summary judgment must move for that relief "no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown" (CPLR 3212 [a]; see Filannino v Triborough Bridge & Tunnel Auth., 34 AD3d 280, 281 [2006]). Here, the note of issue was filed in October 2006 but an order was entered in March 2007, on consent of plaintiffs, extending defendants' "time to make any motions for summary judgment" to 120 days after the date on which the report of the physician who examined plaintiff on defendants' behalf was provided to plaintiffs' counsel. Defendants moved for summary judgment dismissing the complaint in March 2007 on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and, as noted, plaintiffs cross-moved for partial summary judgment on liability. Although plaintiffs cross-moved over 120 days after the note of issue was filed, they neither sought leave to file a late motion nor made any showing of good cause for their delay pursuant to CPLR 3212 (a). Thus, that part of plaintiffs' cross motion with respect to negligence was time-barred, and Supreme Court erred in granting that part of the cross motion.

Although that part of the cross motion with respect to the issue of serious injury was properly before the court because it "was made on nearly identical grounds" as defendants' timely motion (Grande v Peteroy, 39 AD3d 590, 592 [2007]; see Fahrenholz v Security Mut. Ins. Co. [appeal No. 2], 32 AD3d 1326, 1328 [2006]), we further agree with defendants that the court erred in granting that part of the cross motion on that issue. In support of the cross motion, plaintiffs submitted the affirmations of plaintiff's treating neurosurgeon and orthopedic surgeon. The neurosurgeon found that plaintiff suffered from a

degenerative condition of her cervical spine, and he did not "adequately address how plaintiff's current medical problems, in light of her past medical history, are causally related to the subject accident" (*Style v Joseph*, 32 AD3d 212, 214 [2006]; *see also Montgomery v Pena*, 19 AD3d 288, 289-290 [2005]). Plaintiffs met their burden, however, by submitting the affirmation of the orthopedic surgeon who concluded, based on objective evidence, that the accident aggravated a preexisting problem in plaintiff's right shoulder, resulting in tendinopathy and intrasubstance tearing of the, supraspinatus tendon, as revealed by an MR arthrogram (*see Ellis v Emerson*, 34 AD3d 1334, 1335 [2006]). Nevertheless, we conclude that defendants raised an issue of fact sufficient to defeat that part of the cross motion by submitting the report of the physician who examined plaintiff on their behalf, wherein he concluded that plaintiff's "complaints" resulted from a preexisting condition and were not causally related to the accident (*see Agard v Bryant*, 24 AD3d 182 [2005]; *Clark v Perry*, 21 AD3d 1373, 1374 [2005]). Present—Smith, J.P., Centra, Fahey and Pine, JJ.