■ JENNIFER SCHWARTZ, Respondent, v WAYNE D. VUKSON, as Executor of MICHAEL J. VUKSON, Deceased, Appellant. [889 NYS2d 780]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered October 30, 2008 in a personal injury action. The order granted the motion of plaintiff for partial summary judgment on liability.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Plaintiff commenced this action to recover damages for injuries she allegedly sustained when the vehicle driven by her collided with the vehicle driven by defendant's decedent. The complaint, as amplified by the bill of particulars, alleges that plaintiff sustained a serious injury under four specified categories of serious injury (see Insurance Law § 5102 [d]). Plaintiff thereafter moved for partial summary judgment on liability, specifically addressing the issues of negligence and serious injury (see generally Ruzycki v Baker, 301 AD2d 48, 51-52 [2002]). In her motion, however, plaintiff addressed only two of the four categories of serious injury set forth in the bill of particulars, i.e., the permanent consequential limitation of use and the significant limitation of use categories of serious injury and, in granting the motion, Supreme Court did not address either of the two statutory categories.

We agree with defendant that the court erred in granting that part of plaintiff's motion with respect to the issue of negligence. Plaintiff met her initial burden with respect to that issue by submitting her deposition testimony in which she testified that the accident occurred when decedent backed his vehicle out of his son's driveway into the street and in front of her vehicle, which she was operating at a reasonable speed in the proper lane of travel. Plaintiff was " 'entitled to anticipate that other vehicles [would] obey the traffic laws that require them to yield' " (Rak v Kossakowski, 24 AD3d 1191, 1192 [2005]). Defendant raised a triable issue of fact, however, by submitting an affidavit in which he stated that decedent's vehicle never left the driveway, and that the tire tracks left by plaintiff's vehicle prior to the accident were on the shoulder of the street, outside the proper lane of travel. Contrary to plaintiff's contention, the

questioning of defendant during his deposition did not concern the subject matter addressed in his affidavit. Thus, under the circumstances of this case, we conclude that the statements of defendant in his affidavit do not contradict his deposition testimony, and the submission of defendant's affidavit in opposition to the motion is not merely an attempt to raise a feigned issue of fact (*cf. Shpizel v Reo Realty & Constr. Co.*, 288 AD2d 291 [2001]; *see generally Hernandez v Bethel United Methodist Church of N.Y.*, 49 AD3d 251, 253 [2008]).

We also agree with defendant that the court erred in granting that part of plaintiff's motion with respect to serious injury under the permanent consequential limitation and significant limitation of use categories of serious injury. Although plaintiff established that she sustained a herniated disc and has a significant limitation of use of her spine, on the record before us there is an issue of fact whether plaintiff's injuries were the result of a preexisting degenerative condition and plaintiff's morbid obesity (*see generally Covert v Samuel*, 53 AD3d 1147, 1148-1149 [2008]; *Chmiel v Figueroa*, 53 AD3d 1092, 1093 [2008]). Finally, there is a further issue of fact whether plaintiff's injuries are fully healed (*see generally Dann v Yeh*, 55 AD3d 1439, 1440 [2008]; *Frizzell v Giannetti*, 34 AD3d 1202, 1203 [2006]; *Sandt v New York Racing Assn.*, 289 AD2d 218, 219 [2001]). Present—Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.