■ ANGELA LEONARDI, Appellant, v ARLENE CRUZ, Respondent, et al., Defendants. [904 NYS2d 4]—

Order, Supreme Court, Bronx County (Maryann Brigantti-Hughes, J.), entered October 2, 2008, which, to the extent appealed from, granted that part of defendant Cruz's cross motion for summary judgment dismissing the complaint as against her on the ground that plaintiff failed to sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the cross motion denied and the complaint reinstated as against Cruz. Appeal from order, same court and Justice, entered April 21, 2009, which, upon renewal and reargument, adhered to its prior determination, unanimously dismissed, without costs, as academic.

The record establishes that plaintiff sufficiently preserved her argument that Cruz's cross motion for summary judgment was untimely by raising the issue in her opposition to the cross motion. It is undisputed that Cruz's cross motion was made after the expiration of the 120-day period set forth in CPLR 3212 (a) and Cruz did not provide an excuse for the delay in bringing the motion. Accordingly, since plaintiff moved for summary judgment only on the issue of liability, that part of Cruz's cross motion for summary judgment on the issue of serious injury was untimely (*see Covert v Samuel*, 53 AD3d 1147, 1148 [2008]). Furthermore, although "[a] cross motion for summary judgment made after the expiration of the statutory 120-day period may be considered by the court, even in the absence of good cause, where a timely motion for summary judgment was made seeking relief nearly identical to that sought by the cross motion" (*Filannino v Triborough Bridge & Tunnel Auth.*, 34 AD3d 280, 281 [2006], *appeal dismissed* 9 NY3d 862 [2007] [internal quotation marks and citations omitted]), the issues of liability and serious injury are not so intertwined or nearly identical (*see Covert*, 53 AD3d at 1148).

In view of the foregoing, we need not consider plaintiff's arguments with respect to the merits of the cross motion. Concur—Gonzalez, P.J., Friedman, DeGrasse, Manzanet-Daniels and Román, JJ.