OPINION OF THE COURT
Paul Wooten, J.
Motion sequence Nos. 009 and Oil are hereby consolidated for disposition.
In motion sequence No. 009, defendant Nico Asphalt Paving Inc. (Nico) moves for summary judgment dismissing all claims and cross claims. Defendant Consolidated Edison of New York Company, Inc. (Con Ed) cross-moves for summary judgment dismissing all claims and cross claims. In motion sequence No. 011, plaintiff moves for partial summary judgment on the issue of liability against Nico and Con Ed.
Background
This is a personal injury action. Plaintiff, a former firefighter, brings this action based upon an accident that occurred on January 14, 2005. On that day, plaintiff sustained serious injuries after he descended from a fire truck and tripped or stepped on a spike or metal object embedded in the roadway located ap *403 proximately three feet from the curb, near the rear loading dock of 7 Hanover Square, between 85 and 95 Pearl Street, New York, New York.
Plaintiff asserts that Con Ed had left the spike in that area after the completion of work requiring a roadway opening. He claims that when he made contact with the spike, his left knee bowed and he fell to the ground. After being treated by EMS at the scene of the accident, he states that he was treated at Saint Vincent’s Hospital for injuries to his left knee. Due to the severity of his knee injury, plaintiff avers that he has recently retired from the fire department.
Through discovery, plaintiff learned that in October 2003, Con Ed received a permit to do work in the area of the accident and made a street opening approximately 180 feet from the corner of Hanover Square on Pearl Street. Plaintiff hired Stanley Fein (Fein) to do an inspection of the area in question. Fein opined that a spike was embedded in order to secure a temporary roadway cover during the opening of the roadway. Fein claimed that such procedures were customary with those contractors who performed roadway openings. Spikes are said to secure plates to the roadway so that they will not move when run over by traffic. Plaintiff has presented to the court a photograph of the alleged spike, which appears unclear and inconclusive.
Plaintiff also learned that the opening was covered with roadway plates by defendant Felix Equities, Inc. (Felix). He contends that the plates were later removed after the work was completed but the spike remained in the pavement. He argues that defendants violated various statutes when they allegedly failed to restore the roadway to its original condition after the completion of the work.
Plaintiff moves for partial summary judgment on the issue of liability against Con Ed and Nico, a subcontractor of Con Ed, on the ground that these defendants violated section 205-e of the General Municipal Law, and specifically violated 34 RCNY 2-11 (c) (2) and (3), 2-11 (e) (9) (iii), 2-11 (e) (12) (vi), (vii) and (viii), 2-11 (e) (15) (i) and (ii) and 2-11 (f) (4) (iv), and sections 19-109 (a), 19-110 and 19-122 of title 19, chapter 1 of the Administrative Code of the City of New York. Plaintiff argues that these violations were the proximate cause of his injuries. Alternatively, plaintiff argues that these defendants’ violations of the aforesaid codes and regulations constitute some evidence of negligence. With respect to the other defendants, plaintiff has previously received a default judgment against Felix. Plaintiff *404 concedes that he does not have a viable claim against defendant City of New York.
Plaintiff refers to General Municipal Law, which permits firefighters to make claims and recover for injuries in the line of duty, provided they demonstrate a reasonable connection between the alleged violation of a relevant statute or regulation and the resulting injury.
Plaintiff specifies that defendants violated the aforesaid regulations. He asserts that the regulations which defendants are alleged to have violated include such matters as the removal of debris and equipment, the contractor’s obligation to restore construction sites on streets to their original level of paving, and other protective measures a contractor must take on an excavation site.
Plaintiff asserts that the General Municipal Law provides a “quasi-penal” remedy to public employees like himself, who are sometimes unable to avoid certain hazards in the line of duty, some of which might include violations of safety codes attributed to property owners and other parties. According to plaintiff, even if defendants are able to argue successfully against his motion, this court should rule that defendants violated the codes at bar in order to reduce the jury issues during the trial. Plaintiff also states that he is under a lesser burden in a General Municipal Law case than in an ordinary negligence case, where violation of a code need not be a primary cause of the injuries. Plaintiff further states that he is entitled to partial summary judgment as to liability because the evidence presented by him is so strong that the inference of defendants’ negligence can be established as a matter of law. Plaintiff contends that he has clearly identified the spike as the source of the injuries, and that the defendants against whom he is moving cannot provide a justification for the spike’s presence on the premises.
In opposition to this motion, Nico first argues that the motion is untimely, pursuant to CPLR 3212 (a). Nico states that all summary judgment motions in this action must be filed within 60 days after the filing of the note of issue. The note of issue was allegedly filed on April 22, 2010, but the motion is dated July 26, 2010. Whereas Nico holds that there is apparently no excuse for the delay, it requests that the court disregard the motion.
Alternatively, Nico argues that it should be dismissed from this action because there is no evidence that it performs roadway openings, or that it installed the alleged spike. Nico *405 states that it had installed three inches of asphalt at the site over Felix’s roadway excavation. Nico claims that plaintiff has not shown that his injuries are causally related to the January 14, 2005 incident and not a subsequent incident that occurred on June 3, 2008, which allegedly involved another physical injury. Nico asserts that plaintiff has avoided any evidence in the record of that subsequent incident, which occurred after he was fully restored to regular firefighting duties and thereafter, caused him to be retired on a disability pension. Moreover, Nico avers that the codes allegedly violated are not specific statutory predicates for liability and would only be applicable to Con Ed, the permit holder, or the excavator, Felix.
Nico questions the actual existence of a spike during the roadway opening. Nico disputes the accuracy of Fein’s analysis of the premises. Furthermore, Nico contends that the description of the accident in all contemporaneous medical reports and records contradicts plaintiffs version of what happened at the time of the accident. Plaintiffs deposition testimony is said to contradict that of his medical examiner, Chris Kalingou (Kalingou). Kalingou does not refer to any spike as the cause of the accident. Nico claims that the facts concerning what led to the accident are in such dispute that summary judgment cannot be granted.
Nico argues that the alleged spike may have been placed in the premises by a crane operating company named National Rigger, according to a permit issued by the City of New York, in order to support a crane. The crane operation allegedly took place near the site of the accident.
In a separate motion, Nico moves for summary judgment warranting its dismissal from this action. It refers to the alleged contradictions involved in describing the events that led to the accident. It also asserts that any work involving roadway opening or the installation of spikes would have been Felix’s responsibility. The removal of spikes would have also been Felix’s responsibility. As an accommodation to Con Ed, Nico may remove spikes that can be extracted with a shovel, but it claims that it lacks the tools to extract a spike pounded into concrete, as alleged in this case. Nico states that there is no admissible evidence that Felix used any spikes at the time of the work and may have only surrounded the metal plates with asphalt as a way of securing them. Nico states that there is no admissible evidence of the source of this spike. In fact, Nico provides evidence that neither its field foreman nor Con Ed’s inspector, who *406 examined the premises after Nico completed its work, could identify the presence of a spike. Nico also states that if spikes were present, it would have been noted on the paving order apd Felix, as the excavator, would have been notified by Con Ed to return and remove any spike left on the premises. Nico finally asserts that if spikes were present at that time, they would have been located well outside the perimeter of the area of excavation, and well outside the boundary of Nico’s work.
Con Ed submits a cross motion for summary judgment dismissing all claims and cross claims brought against it. Con Ed argues that there is no evidence as to the origin of the spike in the roadway, no evidence that its contractor utilized spikes during the roadway opening, and no evidence that its inspector noticed any spike left upon the completion of the work.
With respect to Nico, Con Ed asserts that its contract with Nico contained additional insured and indemnification provisions that may cast Nico into full liability if the accident arose out of its work done on behalf of Con Ed. However, Con Ed claims that it did not cause or create the condition that resulted in plaintiff’s injuries. Con Ed also claims that if judgment is granted to Nico, Con Ed’s cross motion must also be granted.
In reply, plaintiff argues that his motion is timely, and even if late, it is not prejudicial to Nico, since it deals with almost the same issues as Nico’s motion for summary judgment. Plaintiff provides deposition testimony that reveals that Nico’s employees had removed plates from the roadway in the course of their work and then left them on the premises. Plaintiff asserts that Nico had failed to remove the spike and exposed the public to a potential hazard.
Plaintiff contends that he has provided an adequately specific citation of all the relevant regulations that would hold Nico liable in plaintiff’s claim under the General Municipal Law. Such regulations allegedly would hold Con Ed liable as well. Plaintiff also contends that there is sufficient deposition testimony that indicates that Felix had used spikes to secure plates on the roadway where the excavation had occurred.
As for the medical reports, plaintiff insists that there is no contradiction between the reports and his testimony. He claims that none of the reports state anything about what plaintiffs foot contacted when he touched ground after descending from the fire truck. Moreover, plaintiff asserts that any reference to a subsequent accident which exacerbated the knee condition is not relevant to this matter with respect to liability. According to plaintiff, any allegations of inconsistency are not significant.
*407 Plaintiff provides an affidavit from Stanley Fein, his expert, who disputes the notion that the spike alleged to be the source of plaintiffs injuries had been utilized by a crane company at the time that the roadway was opened. Fein avers that a spike used to secure a crane would have a flange at the top, which the spike at bar lacks. He claims that it is not clear what spike was used by the crane company and whether the company had actually worked on the premises.
In a surreply, Nico claims that it is necessary to respond to Fein’s affidavit and conclude that the new information provided by plaintiff to further his motion lacks basis or foundation. Nico also claims that the codes, specifically the Administrative Code, are inappropriate to it, because it did not perform evacuation work at the premises, and it was not involved in the removal of debris, of which a spike is not a part.
Summary Judgment Standard
“The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law” (Dallas-Stephenson v Waisman, 39 AD3d 303, 306 [1st Dept 2007], citing Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Upon proffer of evidence establishing a prima facie case by the movant, “the party opposing a motion for summary judgment bears the burden of ‘producing] evidentiary proof in admissible form sufficient to require a trial of material questions of fact’ ” (People v Grasso, 50 AD3d 535, 545 [1st Dept 2008], quoting Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). If there is any doubt as to the existence of a triable issue of fact, summary judgment must be denied (see Rotuba Extruders v Ceppos, 46 NY2d 223 [1978]; Grossman v Amalgamated Hous. Corp., 298 AD2d 224 [1st Dept 2002]).
Discussion
First of all, plaintiff mistakenly refers to General Municipal Law § 205-e as the applicable statute in this case, which, actually, is reserved for suits brought by police officers. General Municipal Law § 205-a is the correct statute, as it entitles firefighters redress to recovery for injuries caused by defendants who fail to comply with government regulations. The law is intended to impose liability in any case where there is any practical or reasonable connection between a statutory or ordinance violation and the injury or death of a firefighter (see Foiles v V.L.J. Constr. Corp., 17 AD3d 297, 299 [1st Dept 2005]).
*408 The first issue to determine is the timeliness of plaintiff s motion for partial summary judgment. Nico contends that this motion should be dismissed because it was served beyond a 60-day period. Since 1996, CPLR 3212 (a) has provided that a motion for summary judgment must be made within 120 days after the note of issue has been filed, although the court may order a shorter period of at least 30 days. The deadline may be extended upon a showing of good cause for the delay (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 726 [2004]). In Brill v City of New York (2 NY3d 648 [2004]), the Court of Appeals held that good cause under the statute requires a showing of good cause for the delay in making the motion, a satisfactory explanation for the untimeliness, rather than simply permitting meritorious, nonprejudicial filings, however tardy.
The court finds that plaintiffs motion is untimely pursuant to CPLR 3212. According to the published rules of the IAS part of Justice Barbara Jaffe, who previously presided over this action, summary judgment motions are to be filed within 60 days after the filing of the note of issue. The note of issue was filed on April 22, 2010, but plaintiffs motion for summary judgment was filed on July 30, 2010, outside of the 60-day period. Plaintiff did not offer any explanation for the delay in bringing his motion and has only made a general statement that the motion was not prejudicial to defendants. Good cause requires a more sufficient explanation for a delay, as held by the Brill decision.
Though plaintiff correctly points out that an untimely cross motion for summary judgment may be considered by the court, even in the absence of good cause, where a timely motion for summary judgment was made seeking relief “nearly identical to that sought by the cross motion” (Leonardi v Cruz, 73 AD3d 580 [1st Dept 2010] [citation omitted]; Filannino v Triborough Bridge & Tunnel Auth., 34 AD3d 280, 281 [1st Dept 2006] [citation omitted]), that argument is misplaced, because the plaintiff brought a separate motion for summary judgment against Con Ed and Nico on the issue of liability and did not bring a cross motion in response to Nico’s motion for summary judgment dismissing the complaint. Specifically, the court notes that while Nico brought its summary judgment motion in motion sequence 009, the plaintiffs summary judgment motion was brought in motion sequence Oil. Accordingly, the court need not consider whether the issues raised in plaintiffs motion are nearly identical to those raised in Nico’s timely motion for summary judg *409 ment. Under the circumstances, plaintiffs motion must hereby be denied on the ground of untimeliness.
Con Ed’s cross motion is also denied, as Con Ed failed to show that it does not have liability in its capacity as the permit-tee and general contractor in the project. Trial issues of fact remain as to whether and to what extent Con Ed was notified as to the presence of the spike upon the completion of the project.
As for Nico, the court shall deny its motion for summary judgment. From the evidence submitted, it is apparent that Nico is neither the permittee nor the excavator of this project which involved the alleged spike. Nico has also disclosed information as to the possibility of another entity, not related to the parties in this suit, involved in the installation of the spike on the premises. However, the fact that Nico’s employees proceeded to set aside the plates previously used by Felix is sufficient to raise triable questions of fact as to the existence and position of the spike on the premises. Accordingly, Nico has not met its prima facie burden of establishing its entitlement to summary judgment as a matter of law, and Nico must provide its account of the details of its activities on the premises at the time of the project so as to confirm the source of plaintiffs accident.
Conclusion
Accordingly, it is ordered that plaintiffs motion for summary judgment is denied; and it is further ordered that Consolidated Edison of New York Company Inc.’s cross motion for summary judgment is denied; and it is further, ordered that Nico Asphalt Paving Inc.’s motion for summary judgment is denied.