# SUPREME COURT OF THE STATE OF NEW YORK
### *Appellate Division, Fourth Judicial Department*

396
CA 11-00950
PRESENT: SMITH, J.P., CARNI, LINDLEY, AND SCONIERS, JJ.

---

ROBERT K. MONETTE AND SHARON M. MONETTE,
PLAINTIFFS-RESPONDENTS,

V                                              MEMORANDUM AND ORDER

CHRISTINA L. TRUMMER, DAVID LEEDERMAN, JESSE L.
BALL, DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.
(APPEAL NO. 2.)

---

BROWN & KELLY, LLP, BUFFALO (DONALD EPPERS OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

DWYER, BLACK & LYLE, LLP, OLEAN (JEFFREY A. BLACK OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from a resettled order of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered March 30, 2011 in a personal injury action. The resettled order granted that part of the motion of plaintiffs for partial summary judgment on the issue of serious injury.

It is hereby ORDERED that the resettled order so appealed from is unanimously reversed on the law without costs and the motion is denied insofar as plaintiffs sought summary judgment on the issue whether plaintiff Robert K. Monette sustained a serious injury under the significant limitation of use category within the meaning of Insurance Law § 5102 (d).

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Robert K. Monette (plaintiff) when a parked vehicle in which he was sitting was rear-ended by a vehicle that the owner, Jesse L. Ball, had permitted David Leederman to operate, and which was operated during the subject accident by Christina L. Trummer (collectively, defendants). Plaintiffs moved for, inter alia, partial summary judgment on the issues of "liability" and serious injury. We note at the outset, however, that this Court has determined that the issue of liability "includes the issue of 'serious injury' " (*Ruzycki v Baker*, 301 AD2d 48, 52). Although Supreme Court in an earlier order, from which no appeal was taken, purported to grant the motion insofar as it sought partial summary judgment on the issue of "liability" with respect to Trummer and Jesse Ball but reserved decision on the issue whether plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d), the court actually granted the motion only insofar as it sought partial summary judgment

on the issue of negligence rather than liability (*see id.*). Defendants now appeal from a resettled order granting that part of the motion for partial summary judgment on the issue of serious injury. We further note at the outset that, although plaintiffs alleged several categories of serious injury in their bill of particulars, their appellate brief alleges only that plaintiff sustained a significant limitation of use of his cervical spine. Plaintiffs therefore are deemed to have abandoned their contentions with respect to the remaining categories of serious injury (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

In support of that part of their motion on the issue of serious injury, plaintiffs relied solely upon reports in which their medical expert noted certain limitations in plaintiff's range of cervical motion, and opined that plaintiff sustained only a moderate orthopedic disability and was able to perform his activities of daily living without limitations. Thus, plaintiffs failed to meet their initial burden on the issue of serious injury (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiff's "own [physician] concluded that [he] had only a minor limitation of movement in [his] neck and back[,] and . . . a 'minor, mild or slight limitation of use [is] classified as insignificant within the meaning of the [no-fault] statute' " (*Gaddy v Eyler*, 79 NY2d 955, 957; *see Ray v Ficchi*, 178 AD2d 988, 989, *lv denied* 80 NY2d 958; *see generally Travis v Batchi*, 18 NY3d 208, 219-220). Inasmuch as plaintiffs' expert made "no meaningful comparison so as to differentiate serious injuries from mild or moderate ones, [his affidavit] was thus insufficient to establish a significant limitation of use" (*Peterson v Cellery*, 93 AD3d 911, 913).

In any event, even assuming, arguendo, that plaintiffs met their burden on the issue of serious injury, we conclude that "defendants raised an issue of fact . . . by submitting the report of the physician who examined plaintiff on their behalf, wherein he concluded that plaintiff's 'complaints' resulted from a preexisting condition and were not causally related to the accident" (*Covert v Samuel*, 53 AD3d 1147, 1149; *see Schwartz v Vukson*, 67 AD3d 1398, 1400; *see generally Carrasco v Mendez*, 4 NY3d 566, 579).

Entered:  June 15, 2012                          Frances E. Cafarell
                                                 Clerk of the Court