■ ERIK GUTHEIL, Respondent-Appellant, v CONSOLIDATED EDISON OF NEW YORK COMPANY, INC., Respondent, and NICO ASPHALT PAVING, INC., Appellant-Respondent, et al., Defendants. [961 NYS2d 78]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered June 27, 2011, which, insofar as appealed from, denied defendant Nico Asphalt Paving, Inc.'s (Nico Asphalt) motion for summary judgment dismissing the complaint and all cross claims as against it, and denied plaintiff's motion for partial summary judgment on the issue of liability as against Nico Asphalt and defendant Consolidated Edison of New York Company, Inc. (Con Ed), unanimously modified, on the law, to grant Nico Asphalt's motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of Nico Asphalt dismissing the complaint and all cross claims as against it.

Plaintiff firefighter was allegedly injured when he stepped onto a spike embedded in the roadway as he was descending his fire truck while responding to a call. The record shows that more than one year earlier, Con Ed retained several contractors for the installation of a utility at the site of plaintiff's accident. Felix Equities Inc. performed excavation work, involving placing plates covering its excavation and securing the plates to the street with spikes. Nico Asphalt performed street restoration/paving work, after the excavation work was complete, and plaintiff alleges that a spike was negligently left in the roadway after the work was completed.

Nico Asphalt established its entitlement to judgment as a matter of law and plaintiff failed to rebut the showing. Nico Asphalt submitted evidence, including deposition testimony and documentation, showing that it did not place the spike in the plates, and that it had nothing to do with the spike that "directly caused plaintiff's injuries, or that indirectly caused plaintiff's injuries by increasing the inherent dangers of

firefighting" (*Cotter v Pal & Lee Inc.*, 86 AD3d 463, 466 [1st Dept 2011], *lv denied* 17 NY3d 716 [2011]).

Furthermore, assuming that plaintiff's cross motion was timely, issues of fact exist with regard to the applicability to Con Ed of the rules cited by plaintiff, and whether Con Ed's alleged violations of these provisions directly or indirectly caused plaintiff's accident and resultant injuries as a matter of law (*see Hoehn v Consolidated Edison Co. of N.Y.*, 205 AD2d 734 [2d Dept 1994]). Concur—Andrias, J.P., Friedman, Acosta, Freedman and Clark, JJ. [**Prior Case History: 34 Misc 3d 401.**]