■ MARIE ALEXIS, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [975 NYS2d 334]—Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered April 19, 2012, which, upon reargument, granted defendant City of New York's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff tripped and fell on a snow-covered sidewalk abutting a property owned by the City. Contrary to the motion court's conclusion, the City, as owner of the abutting property, which is not a building within the exception for one-to-three family residential properties, owed plaintiff a nondelegable duty to clear

the snow from the sidewalk within a reasonable time (*see* Administrative Code of City of NY § 7-210 [b], [c]; *Rodriguez v City of New York*, 70 AD3d 450 [1st Dept 2010]).

The conflicting meteorological evidence presented by plaintiff and the City raised triable issues of fact as to whether a reasonable time had elapsed between the cessation of the storm and plaintiff's accident (*see Mosley v General Chauncey M. Hooper Towers Hous. Dev. Fund Co., Inc.*, 48 AD3d 379 [1st Dept 2008]; *Powell v MLG Hillside Assoc.*, 290 AD2d 345 [1st Dept 2002]; *see also Garricks v City of New York*, 1 NY3d 22 [2003]; *Valentine v City of New York*, 86 AD2d 381 [1st Dept 1982], *affd* 57 NY2d 932 [1982]). Concur—Andrias, J.P., Friedman, Richter, Manzanet-Daniels and Feinman, JJ.