# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

240
CA 13-01607
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

KATHLEEN M. KORTHALS, PLAINTIFF-RESPONDENT,

V                                         MEMORANDUM AND ORDER

LCB CAPITAL, LLC, DEFENDANT-APPELLANT.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AMANDA L. MACHACEK OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered April 11, 2013 in a personal injury action. The order denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this slip and fall personal injury action, defendant property owner appeals from an order denying its motion for summary judgment dismissing the complaint. According to defendant, Supreme Court should have granted its motion because there was a storm in progress when plaintiff slipped and fell on ice outside its apartment building in Kenmore, and it therefore had no duty to remedy the allegedly dangerous condition prior to the accident (*see Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735; *Brierley v Great Lakes Motor Corp.*, 41 AD3d 1159, 1160). We conclude that the court properly denied defendant's motion.

The meteorological records submitted by defendant in support of its motion establish that the alleged storm, which consisted of intermittent freezing rain and mist, ended no later than 4:52 a.m., when the last precipitation was recorded in the area. Plaintiff fell approximately four hours later, and radar imagery submitted by defendant showed that there were "mainly clear skies" in Kenmore at the time of the accident. In addition, the last freezing rain advisory was cancelled at 6:49 a.m., and there had been no freezing rain since 12:27 a.m. We thus agree with plaintiff that "[d]efendant[']s[] submissions establish that the storm had ended at the time of plaintiff's fall, and there is a triable issue of fact whether a reasonable period of time had passed since the abatement of the storm to impose a duty on the defendant[]" to remedy the dangerous icy condition caused by the alleged storm (*Boarman v Siegel, Kelleher*

*and Kahn*, 41 AD3d 1247, 1248; *see Alexis v City of New York*, 111 AD3d 527, 528; *Helms v Regal Cinemas, Inc*., 49 AD3d 1287, 1288).  Inasmuch as defendant failed to meet its initial burden, we need not review the sufficiency of plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Entered:  March 28, 2014                    Frances E. Cafarell
                                            Clerk of the Court