# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**989**
**CA 15-00138**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

SHAZAM INDARJALI, PLAINTIFF-RESPONDENT,

V                                            MEMORANDUM AND ORDER

SHABANA INDARJALI, DEFENDANT-APPELLANT.

---

BARTH SULLIVAN BEHR, BUFFALO (ALEX M. NEUROHR OF COUNSEL), FOR DEFENDANT-APPELLANT.

ALEXANDER & CATALANO, LLC, EAST SYRACUSE (PETER CATALANO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered April 29, 2014. The order denied defendant's motion for summary judgment dismissing plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when he slipped and fell on the steps of residential property owned by defendant. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. We conclude that defendant failed to establish as a matter of law that there was a storm in progress at the time of plaintiff's accident (*see Korthals v LCB Capital, LLC*, 115 AD3d 1326, 1326-1327; *Verleni v City of Jamestown*, 66 AD3d 1359, 1360). Plaintiff's equivocal deposition testimony, which defendant submitted in support of her motion, was insufficient to establish that the snow on the steps "was the result of an ongoing storm as opposed to an accumulation of [snow] from . . . prior snowfalls" (*McBryant v Pisa Holding Corp.*, 110 AD3d 1034, 1036).

In addition, the court properly determined that, even assuming, arguendo, defendant was entitled to judgment based upon the storm in progress doctrine, there is an issue of fact whether the rotten and deteriorated condition of the boards on the staircase caused or contributed to plaintiff's injuries. Indeed, we note that defendant did not address that theory of liability in her motion (*see Valenti v Camins*, 95 AD3d 519, 522). In any event, we reject defendant's contention that plaintiff's opposing submissions in support of that theory of liability were "merely an attempt to raise a feigned issue of fact" to defeat the motion (*Schwartz v Vukson*, 67 AD3d 1398, 1400).

Plaintiff was not questioned at his deposition with respect to the allegedly unsafe condition of the stairs and, thus, his submissions did not contradict his deposition testimony on that issue.