# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**323**
**CA 15-00858**
PRESENT: SMITH, J.P., CARNI, LINDLEY, AND NEMOYER, JJ.

---

MARY ELLEN MESI AND JOSEPH G. MESI, JR.,
PLAINTIFFS-RESPONDENTS,

V

MEMORANDUM AND ORDER

MOHAMED Y. ZEID, M.D., ET AL., DEFENDANTS,
VIVIAN L. LINDFIELD, M.D., INDIVIDUALLY AND
AS AN AGENT, OFFICER AND/OR EMPLOYEE OF
WESTERN NEW YORK BREAST HEALTH, AND WESTERN
NEW YORK BREAST HEALTH, BY AND THROUGH ITS
AGENTS, OFFICERS AND/OR EMPLOYEES,
DEFENDANTS-APPELLANTS.

---

CONNORS & VILARDO, LLP, BUFFALO (MICHAEL J. ROACH OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

DEMORE LAW FIRM, PLLC, SYRACUSE (TIMOTHY J. DEMORE OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered February 20, 2015. The order denied the motion of defendants Vivian L. Lindfield, M.D. and Western New York Breast Health for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Mary Ellen Mesi (plaintiff) and her husband commenced this medical malpractice action alleging, inter alia, that Vivian L. Lindfield, M.D. (defendant) and her medical practice (collectively, defendants) were negligent in their care and treatment of plaintiff after she was diagnosed with a phyllodes tumor in her right breast. As amplified by the bill of particulars, plaintiffs allege in pertinent part that defendant was negligent in failing to order a second biopsy of the tumor to confirm that it was malignant, and in failing to advise plaintiff that the double mastectomy she later underwent was medically unnecessary to treat the tumor. Following discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion, concluding that, although defendants met their prima facie burden, plaintiffs raised issues of fact precluding summary judgment. We affirm.

Contrary to defendants' contention, plaintiff's affidavit does not directly contradict the five-page excerpt of her deposition

submitted by defendants, and thus its submission "is not merely an attempt to raise a feigned issue of fact" to defeat summary judgment (*Schwartz v Vukson*, 67 AD3d 1398, 1400; *see Indarjali v Indarjali*, 132 AD3d 1277, 1277).  We further conclude that plaintiff's affidavit, combined with that of her expert, raised triable issues of fact whether defendant failed to comply with the applicable standard of care in advising plaintiff with respect to the double mastectomy defendant performed, and whether defendant's alleged failure to comply with the standard of care caused plaintiff to undergo that procedure (*see Gray v Williams*, 108 AD3d 1085, 1086-1087; *cf. Orphan v Pilnik*, 15 NY3d 907, 908-909).

Entered:  May 6, 2016                              Frances E. Cafarell
                                                   Clerk of the Court