Lynch-Miller v State of New York (2022 NY Slip Op 05640)

Lynch-Miller v State of New York

2022 NY Slip Op 05640

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

727 CA 21-01347

[*1]RU-JAN LYNCH-MILLER, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 131983.) 

PARISI & BELLAVIA, ROCHESTER (TIMOTHY C. BELLAVIA OF COUNSEL), FOR CLAIMANT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SEAN P. MIX OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Court of Claims (Debra A. Martin, J.), entered September 1, 2021. The order, insofar as appealed from, granted that part of the motion of defendant seeking summary judgment dismissing the claim against defendant. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part, and the claim is reinstated against defendant.
Memorandum: Claimant commenced this action seeking damages for injuries she allegedly sustained when the vehicle that she was driving was struck by the plow of a snowplow operated by an employee of defendant, State of New York (State). The State moved for, inter alia, summary judgment dismissing the claim against it on the ground that the reckless disregard rather than the ordinary negligence standard of care applied based on the applicability of Vehicle and Traffic Law § 1103 (b) and the operator of the snowplow did not act with reckless disregard for the safety of others. The Court of Claims, inter alia, granted the motion to that extent. We agree with claimant that the court erred in granting the motion with respect to the State, and we therefore reverse the order insofar as appealed from.
Vehicle and Traffic Law § 1103 (b) "exempts from the rules of the road all vehicles, including [snowplows], which are 'actually engaged in work on a highway' . . . , and imposes on such vehicles a recklessness standard of care" (Deleon v New York City Sanitation Dept., 25 NY3d 1102, 1105 [2015]; see Riley v County of Broome, 95 NY2d 455, 461 [2000]; Chase v Marsh, 162 AD3d 1589, 1590 [4th Dept 2018]; Arrahim v City of Buffalo, 151 AD3d 1773, 1773 [4th Dept 2017]). The exemption "applies only when such work is in fact being performed at the time of the accident" (Hofmann v Town of Ashford, 60 AD3d 1498, 1499 [4th Dept 2009]), which includes a snowplow engaged in plowing or salting a road (see Harris v Hanssen, 161 AD3d 1531, 1533 [4th Dept 2018]; Arrahim, 151 AD3d at 1773). Although the exemption does "not apply if the snowplow . . . [is] merely traveling from one route to another route" (Arrahim, 151 AD3d at 1773; see Hofmann, 60 AD3d at 1499), a snowplow may be "engaged in work even if the plow blade [is] up at the time of the accident and no salting [is] occurring" when the snowplow is nevertheless "working [its] 'run' or 'beat' at the time of the accident" (Arrahim, 151 AD3d at 1773; see Clark v Town of Lyonsdale, 166 AD3d 1574, 1574 [4th Dept 2018]; Harris, 161 AD3d at 1533; Matsch v Chemung County Dept. of Pub. Works, 128 AD3d 1259, 1260-1261 [3d Dept 2015], lv denied 26 NY3d 997 [2015]).
Here, viewing the evidence in the light most favorable to claimant as the nonmoving party and drawing every available inference in her favor (see De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]), we conclude that the State failed to establish as a matter of law that the snowplow was "actually engaged in work on a highway" at the time of the accident (Vehicle and [*2]Traffic Law § 1103 [b]; see Arrahim, 151 AD3d at 1773).
It is undisputed that the plow was in the raised position and that the operator was not plowing snow at the time of the accident. Moreover, the State's own submissions raised a triable issue of fact whether the operator was salting the road at that time (see Arrahim, 151 AD3d at 1773). In particular, although the State submitted an excerpt of the operator's deposition testimony in which he testified that he was actively salting the road at the time of the accident, which was reiterated in an accident report, the State also submitted an excerpt of claimant's deposition testimony that called into question that account inasmuch as claimant testified that, despite the snowplow proceeding some distance and pulling in front of her vehicle following the collision, she noticed no salt on the ground in front of her vehicle or to the side when she got out to survey the damage. Viewed in the appropriate light, claimant's testimony supports the inference that the operator may not have been actively salting the road as he claimed because, if he had been, one would expect such salt to be noticeably present on the ground in the area, yet claimant observed none. Even assuming, arguendo, that the State met its initial burden on this issue, we conclude that claimant raised a question of fact by submitting her testimony and the affidavit of her son, who averred that, when he arrived at the scene, he observed no salt on the road either at the point of the collision or anywhere on the road between that point and the intersection from which claimant's vehicle and the snowplow had been driving (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We agree with claimant that, contrary to the State's assertion, the court improperly resolved credibility issues on the motion for summary judgment when it discounted the observations of claimant and her son as speculative (see Carrier Corp. v Allstate Ins. Co., 187 AD3d 1616, 1620 [4th Dept 2020]; Rew v County of Niagara, 115 AD3d 1316, 1318 [4th Dept 2014]). "It is not the function of a court deciding a summary judgment motion to make credibility determinations or findings of fact" (Vega v Restani Constr. Corp., 18 NY3d 499, 505 [2012]) and, here, the statements of claimant and her son were "based on [their] personal observations of [the roadway following] the accident, not speculation" (Brown v Askew, 202 AD3d 1501, 1503 [4th Dept 2022]).
Next, although the operator "may have nevertheless been engaged in work even if the plow blade was up at the time of the accident and no salting was occurring," we conclude that the State "failed to establish as a matter of law that [the operator] was working his 'run' or 'beat' at the time of the accident" (Arrahim, 151 AD3d at 1773; cf. Clark, 166 AD3d at 1574; Harris, 161 AD3d at 1533). The vague and equivocal excerpt of the operator's deposition testimony in which he did not even describe his route was insufficient to meet the State's initial burden (see Indarjali v Indarjali, 132 AD3d 1277, 1277 [4th Dept 2015]; Artalyan, Inc. v Kitridge Realty Co., Inc., 79 AD3d 546, 547 [1st Dept 2010]; Pizzuto v Poss [appeal No. 1], 198 AD2d 910, 910 [4th Dept 1993]), and the State's moving papers otherwise failed to eliminate the question whether the operator was "merely traveling from one route to another route" on a road that did not constitute part of his run or beat (Arrahim, 151 AD3d at 1773; see Hofmann, 60 AD3d at 1499). A moving party's "[f]ailure to make [a] prima facie showing requires a denial of [a] motion [for summary judgment], regardless of the sufficiency of the opposing papers" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Vega, 18 NY3d at 503 [2012]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). We thus conclude that, inasmuch as the State failed to meet its burden on the motion insofar as it sought summary judgment dismissing the claim against it, the court was required to deny that part of the motion without regard to the sufficiency of the opposing papers (see Rivera v Rochester Gen. Health Sys., 173 AD3d 1758, 1760 [4th Dept 2019]).
In light of our determination, we do not address claimant's remaining contention.
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court