Plummer v Town of Greece (2023 NY Slip Op 00563)

Plummer v Town of Greece

2023 NY Slip Op 00563

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

847 CA 21-01544

[*1]BRANDI PLUMMER, PLAINTIFF-RESPONDENT,
v
TOWN OF GREECE AND JOHN FARRARO, DEFENDANTS-APPELLANTS. 

GALLO & IACOVANGELO, LLP, ROCHESTER (CRAIG D. CHARTIER OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
PARISI & BELLAVIA, LLP, ROCHESTER (TIMOTHY C. BELLAVIA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered September 28, 2021. The order denied the motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained in a rear-end collision in which the vehicle she was driving was struck by the front plow of a snowplow owned by defendant Town of Greece (Town) and operated by defendant John Farraro, an employee of the Town. Defendants moved for summary judgment dismissing the complaint on the ground that the reckless disregard rather than the ordinary negligence standard of care applied based on Vehicle and Traffic Law § 1103 (b) and that Farraro did not act with reckless disregard for the safety of others. Supreme Court denied the motion. We affirm.
Vehicle and Traffic Law § 1103 (b) "exempts from the rules of the road all vehicles, including [snowplows], which are 'actually engaged in work on a highway' . . . , and imposes on such vehicles a recklessness standard of care" (Deleon v New York City Sanitation Dept., 25 NY3d 1102, 1105 [2015]; see Riley v County of Broome, 95 NY2d 455, 461 [2000]; Chase v Marsh, 162 AD3d 1589, 1590 [4th Dept 2018]; Arrahim v City of Buffalo, 151 AD3d 1773, 1773 [4th Dept 2017]). That exemption, however, "applies only when such work is in fact being performed at the time of the accident" (Hofmann v Town of Ashford, 60 AD3d 1498, 1499 [4th Dept 2009]). Although the exemption does "not apply if the snowplow . . . [is] merely traveling from one route to another route" (Arrahim, 151 AD3d at 1773; see Hofmann, 60 AD3d at 1499), a snowplow may be "engaged in work even if the plow blade [is] up at the time of the accident and no salting [is] occurring" when the snowplow operator is nevertheless "working his [or her] 'run' or 'beat' at the time of the accident" (Arrahim, 151 AD3d at 1773; see Clark v Town of Lyonsdale, 166 AD3d 1574, 1574 [4th Dept 2018]; Harris v Hanssen, 161 AD3d 1531, 1533 [4th Dept 2018]; Matsch v Chemung County Dept. of Pub. Works, 128 AD3d 1259, 1260-1261 [3d Dept 2015], lv denied 26 NY3d 997 [2015]).
Here, viewing the evidence in the light most favorable to plaintiff as the nonmoving party and drawing every available inference in her favor (see De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]), we conclude that defendants failed to establish as a matter of law that the snowplow was "actually engaged in work on a highway" at the time of the accident (Vehicle and Traffic Law § 1103 [b]; see Arrahim, 151 AD3d at 1773). Although the snowplow may have been "engaged in work" even if the plow blades were raised at the time of the accident and no salting was occurring, we conclude that defendants "failed to establish as a matter of law that [Farraro] was working his 'run' or 'beat' at the time of the accident" (Arrahim, 151 AD3d at [*2]1773; cf. Clark, 166 AD3d at 1574; Harris, 161 AD3d at 1533). The deposition testimony submitted by defendants in support of their motion was vague and equivocal with respect to whether the accident site was part of Farraro's route on the day in question—Farraro did not precisely describe the geographical contours of his route or state that the accident site was a part thereof—and was insufficient to satisfy defendants' initial burden (see generally Mollette v 111 John Realty Corp., 194 AD3d 614, 615 [1st Dept 2021]; Indarjali v Indarjali, 132 AD3d 1277, 1277 [4th Dept 2015]). Moreover, defendants' initial submissions otherwise failed to eliminate the question whether Farraro was "merely traveling from one route to another route" on roads that did not constitute part of his run or beat (Arrahim, 151 AD3d at 1773; see Hofmann, 60 AD3d at 1499). Because defendants failed to meet their initial burden on the motion, the burden never shifted to plaintiff, and denial of the motion "was required 'regardless of the sufficiency of the opposing [or reply] papers' " (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Korthas v U.S. Foodservice, Inc., 61 AD3d 1407, 1408 [4th Dept 2009]).
In light of our determination, we do not address defendants' remaining contention.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court