Tingue v King (2025 NY Slip Op 07132)

Tingue v King

2025 NY Slip Op 07132

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, NOWAK, AND KEANE, JJ.

773 CA 24-01761

[*1]GENE TINGUE, PLAINTIFF-RESPONDENT,
v
ELDON M. KING, JR., AND D & H EXCAVATING, INC., DEFENDANTS-APPELLANTS.

HURWITZ FINE P.C., BUFFALO (BRIAN M. WEBB OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

 Appeal from an order of the Supreme Court, Cattaraugus County (Terrence M. Parker, A.J.), entered October 22, 2024. The order denied the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking damages for injuries he sustained as a pedestrian when he was struck by the mirror of a truck operated by defendant Eldon M. King, Jr., and owned by defendant D & H Excavating, Inc. Defendants appeal from an order that denied their motion for summary judgment dismissing the complaint. We affirm.
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). "Failure to make such [a] showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (id.). Here, we must "view[ ] the evidence in the light most favorable to plaintiff[ ]" as the nonmoving party (Mariacher v LPCiminelli, Inc., 225 AD3d 1288, 1292 [4th Dept 2024]). If the proponent meets their burden, "the opposing party must show facts sufficient to require a trial of any issue of fact" (Zuckerman v City of New York, 49 NY2d 557, 562 [1980] [internal quotation marks omitted]; see CPLR 3212 [b]).
Plaintiff was walking or running near or on the shoulder of a road when he was struck by the mirror of the defendant driver's passing truck. The incident was captured by a nearby security camera. While defendants contend that plaintiff was struck after running into the road, plaintiff asserts that he was on the shoulder at the time of impact. Even assuming, arguendo, that defendants met their initial burden, we conclude that plaintiff raised triable issues of fact in opposition to the motion. Inasmuch as the video is grainy, and it is difficult to discern precisely where plaintiff was located when he was struck, resolving that issue would require credibility determinations, which are not proper in the context of a motion for summary judgment (see Lynch-Miller v State of New York, 209 AD3d 1294, 1296 [4th Dept 2022]).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court