■ In the Matter of BANK OF NEW YORK, Respondent. LING KUO LI et al., Appellants. [702 NYS2d 68] —Order, Surrogate's Court, New York County (Renee Roth, S.), entered on or about February 8, 1999, which appointed a Referee to hear and report with regard to the parties' respective motions for partial summary judgment, unanimously reversed, on the law, without costs, and the matter remanded for a determination of the motions within 60 days of the date of this order.

In this proceeding to settle the account of certain trusts, the Bank of New York (Bank), which was the sole remaining

trustee, and the trust beneficiaries (beneficiaries), who had previously filed objections to the account, each moved for partial summary judgment. In seeking such relief, the beneficiaries alleged that the Bank had acted negligently and had breached its fiduciary duty with respect to the handling of the trusts. The Bank, on the other hand, asserted that it was free of such malfeasance.

More than one year after the motions were made, Surrogate's Court, rather than decide the motions, appointed the former Chief of the court's Law Department as "referee to hear and report with respect to the issues in this contested accounting proceeding." After the beneficiaries learned that the Referee would charge a fee of $300 per hour, they decided to appeal and moved for a stay of the order appointing a Referee. The court denied the motion, explaining that the reference: "was made when the court learned that the present Chief of its Law Department, who oversees all of the Department's analyses of motions and its recommendations for their disposition, had previously been involved in this litigation when he was a partner in the law firm that represents the trustee in this proceeding. In view of these circumstances, the court appointed * * * the recently retired Chief of the Law Department, to hear and report on the complex issues raised by the motions— issues with which [she] had become familiar during her tenure in the Court." The appointment of a Referee to assist the court in determining the motions was error.

It is well established that on a motion for summary judgment "[i]ssue-finding, rather than issue-determination, is the key to the procedure" (*Esteve v Abad*, 271 AD 725, 727). Thus, if it was the court's perception that factual issues existed, there was an obligation to deny the motions, not to direct the appointment of a Referee (CPLR 3212 [b]; *Southern Assocs. v United Brands Co.*, 67 AD2d 199, 201; *Esteve v Abad, supra*). Moreover, to the extent that the court believed that it required assistance in sorting out the allegedly complex legal issues presented by the motions, the appointment of a Referee for such a purpose was unauthorized (*see, Caplan v Winslett*, 218 AD2d 148, 155-156). Stated otherwise, the court was not authorized to appoint a Referee at a cost of $300 per hour because the Chief of its Law Department was precluded from assisting it.

We note that the motions were to be determined by the court, not the Chief of the court's Law Department. While the court correctly recused its current Chief of the Law Department, we believe other members of the Department could render any assistance required for resolution of the motions. Concur—Sullivan, J. P., Nardelli, Wallach and Friedman, JJ.