■ JOSEPH GAFFNEY et al., Respondents, v BFP 300 MADISON II, LLC, et al., Appellants. [795 NYS2d 579]—

Order, Supreme Court, New York County (Debra A. James, J.), entered January 13, 2005, which granted plaintiffs' motion for summary judgment on the issue of liability under Labor Law § 240, unanimously affirmed, without costs.

The court providently exercised discretion in considering the summary judgment motion, notwithstanding its untimeliness. Plaintiffs demonstrated "good cause" by explaining that the delay was due, in part, to defendant Turner's failure to produce a witness for deposition in a timely fashion prior to the filing of note of issue, and by the delay in obtaining a transcript of said deposition (*see Kunz v Gleeson*, 9 AD3d 480 [2004]).

Plaintiff laborer was severely injured when one of the hooks supporting the float scaffold on which he was working dislodged and the scaffold collapsed, causing him to fall several stories (*see* Labor Law § 240 [1]; *Aragon v 233 W. 21st St.*, 201 AD2d

353 [1994]). The recalcitrant worker defense, predicated on the injured plaintiff's alleged failure to use a safety harness and other protective devices, is unavailing, since there is no evidence that he deliberately refused to use safety devices provided (*Hagins v State of New York*, 81 NY2d 921 [1993]). Summary judgment was also appropriate under section 240 (2), as the float scaffold was elevated more than 20 feet and lacked guardrails (*see Emmi v Emmi*, 186 AD2d 1025 [1992]; *Rose v Mount Ebo Assoc.*, 170 AD2d 766, 768 [1991]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Williams, JJ.