■ ERIC OSARIO, Respondent, v BRF CONSTRUCTION CORP. et al., Appellants. [803 NYS2d 525]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered on or about March 28, 2005, which, insofar as appealed from, denied defendants' motions for summary judgment seeking dismissal of plaintiff's Labor Law § 240 (1) claim, and granted plaintiff's cross motion for partial summary judgment as to liability on that cause of action, unanimously modified, on the law, to grant defendant Jekmar Associates, Inc.'s

motion for summary judgment dismissing the complaint as against it, and otherwise affirmed, without costs.

The court properly granted plaintiff's cross motion as against the owner of the building under construction and the general contractor. The ladder provided to plaintiff to cut down temporary feeder cable was not an adequate safety device for the task he had been directed to perform and was a proximate cause of the accident and injuries. The method employed by plaintiff was not, under any view of the evidence, the sole proximate cause of his injuries (see Ben Gui Zhu v Great Riv. Holding, LLC, 16 AD3d 185 [2005]; Dunn v Consolidated Edison Co. of N.Y., 272 AD2d 129 [2000]). However, defendant Jekmar, the construction manager on the project, hired by the owner, was entitled to summary judgment because the record establishes that it did not have the requisite supervision and control over the injury-producing work (see Russin v Louis N. Picciano & Son, 54 NY2d 311 [1981]). That Jekmar was indemnified by defendant 42-43 Realty LLC under the contract between them for any claims arising out of Jekmar's performance has no logical bearing on the issue of whether Jekmar in fact exercised such supervision and control.

The motion court properly considered plaintiff's cross motion for partial summary judgment. Although plaintiff cross-moved after the court's imposed deadline for summary judgment motions, plaintiff made it in response to defendants' still pending, timely summary judgment motions (see James v Jamie Towers Hous. Co., 294 AD2d 268, 272 [2002], affd 99 NY2d 639 [2003]; see also Bressingham v Jamaica Hosp. Med. Ctr., 17 AD3d 496, 497 [2005]). Concur—Marlow, J.P., Nardelli, Williams, Sweeny and McGuire, JJ.