■ LUCILLE ALTSCHULER, Appellant, v GRAMATAN MANAGE-MENT, INC., et al., Defendants, and DAFFY'S, INC., et al., Respondents. [811 NYS2d 379]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered November 23, 2004, which granted defendant Daffy's motion and codefendant Builtland Partners' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff failed to raise a triable issue as to any Building Code violations as a basis for her negligence claim. The building at issue was constructed in 1905, and thus was grandfathered under the Code as it existed at that time (see Administrative Code of City of NY § 27-105). Plaintiff neither alleged any violation of the 1905 Code nor offered evidence to show a renovation of the type that might have avoided the grandfathering provision. Nor did plaintiff's expert's affidavit raise an issue as to the common-law claim that the entryway was maintained in a negligent or dangerous manner. Plaintiff claimed that she fell because a step leading down to the sales floor was "not visible." However, it was undisputed that both sets of doors to the entryway bore the legend "Please Watch Your Step," that the step was preceded by three yellow warning lines, and that a security stanchion alongside the step indicated the change in elevation. Moreover, photographs of the area showed mats above and below the step in strongly contrasting colors. To overcome this showing, plaintiff offered only her expert's affidavit, which was based on speculation (see Amatulli v Delhi Constr. Corp., 77 NY2d 525, 533 n 2 [1991]) and facts controverted by the photographs. As such, it was insufficient to raise a factual issue.

Consideration of Builtland's cross motion was not erroneous, even though it was served after the 120-day cutoff (see James v Jamie Towers Hous. Co., 294 AD2d 268, 272 [2002], affd 99 NY2d 639 [2003]). That motion was largely based on the same arguments raised in Daffy's timely motion, and the same findings that mandated judgment for Daffy's also require judgment

for Builtland. Concur—Andrias, J.P., Saxe, Friedman, Marlow and Sullivan, JJ.