■ RALPH FILANNINO, Appellant, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY et al., Respondents. [824 NYS2d 244]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered April 6, 2006, which, to the extent appealed from, denied plaintiff's cross motion for partial summary judgment on his Labor Law § 240 (1) claim on the ground that it was untimely, affirmed, without costs.

On July 15, 2005, the parties entered into a stipulation, which was "so ordered" by Supreme Court, that, among other things, required plaintiff to file a note of issue on or before September 30, 2005. Plaintiff chose to file his note of issue on August 4, 2005, thereby placing this matter on the trial calendar and triggering the 120-day period for making summary judgment motions (*see* CPLR 3212 [a]). On November 29, 2005, three days before the 120-day period expired, defendants moved for partial summary judgment dismissing plaintiff's causes of action under

Labor Law §§ 200 and 241 (6). On December 13, 2005, 11 days after the time to make summary judgment motions had expired, plaintiff cross-moved for summary judgment on the issue of liability on his cause of action under Labor Law § 240 (1). Supreme Court granted certain aspects of defendants' motion, denied the remainder thereof, and denied plaintiff's cross motion on the ground that it was untimely. This appeal by plaintiff, from that portion of the order which denied his cross motion, ensued.

In the absence of a court order or rule to the contrary, CPLR 3212 (a) requires summary judgment motions to "be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown" (*see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *Brill v City of New York*, 2 NY3d 648 [2004]). Plaintiff, whose cross motion for summary judgment was made after the 120-day period had expired, contends that the cross motion was timely because it was made in response to defendants' timely motion. Alternatively, plaintiff maintains that good cause exists for his failure to make a timely motion. Neither of these arguments is persuasive.

A cross motion for summary judgment made after the expiration of the statutory 120-day period may be considered by the court, even in the absence of good cause, where a timely motion for summary judgment was made seeking relief "nearly identical" to that sought by the cross motion (*Fahrenholz v Security Mut. Ins. Co.*, 32 AD3d 1326, 1328 [2006]; *Bressingham v Jamaica Hosp. Med. Ctr.*, 17 AD3d 496, 497 [2005]; *see Altschuler v Gramatan Mgt., Inc.*, 27 AD3d 304 [2006]). An otherwise untimely cross motion may be made and adjudicated because a court, in the course of deciding the timely motion, may search the record and grant summary judgment to any party without the necessity of a cross motion (CPLR 3212 [b]; *see* Connors, *CPLR 3212 [a]'s Timing Requirement for Summary Judgment Motions*, 71 Brook L Rev 1529, 1541-1542 [Summer 2006]). The court's search of the record, however, is limited to those causes of action or issues that are the subject of the timely motion (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *Baseball Off. of Commr. v Marsh & McLennan*, 295 AD2d 73, 82 [2002]). Here, defendants' motion was addressed to the causes of action under Labor Law §§ 200 and 241 (6), while plaintiff's cross motion concerned a different cause of action (i.e., Labor Law § 240) (*cf. Osario v BRF Constr. Corp.*, 23 AD3d 202, 203 [2005] [plaintiff's cross motion for summary judgment on Labor Law § 240 (1) cause of action made after

court's deadline for making summary judgment motions nevertheless timely because made in response to defendants' timely motions for summary judgment dismissing Labor Law § 240 (1) cause of action]).

Nor is plaintiff persuasive in arguing he proffered a satisfactory explanation for the untimeliness of the cross motion (*see Brill v City of New York, supra; see also Perini Corp. v City of New York [Department of Envtl. Protection]*, 16 AD3d 37 [2005]). Plaintiff asserts that defendants, after repeatedly failing to produce a witness for a deposition, produced the witness on August 4, 2005, the date plaintiff filed his note of issue. The transcript from the deposition was certified by the court reporter on September 10, 2005 and plaintiff received the transcript approximately one month later. Although good cause for a late summary judgment motion can be established where a discovery request relevant to the motion was outstanding until shortly before the motion was made (*see Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124 [2000]; *Cooper v Hodge*, 13 AD3d 1111 [2004]; *see also Kunz v Gleeson*, 9 AD3d 480 [2004]), or where the movant was awaiting the receipt of deposition transcripts relevant to the motion (*see Burnell v Huneau*, 1 AD3d 758 [2003]), the deposition here occurred on the date the note of issue was filed and plaintiff received the transcript approximately eight weeks before the motion deadline. Plaintiff offered no explanation of why he could not have made a timely motion after receiving the transcript. As the Court of Appeals has stated, "[n]o excuse at all, or a perfunctory excuse, cannot be 'good cause' " (*Brill*, 2 NY3d at 652).

In determining that good cause exists to consider the untimely cross motion, the dissent relies upon *Gaffney v BFP 300 Madison II, LLC* (18 AD3d 403 [2005], *affg* 9 Misc 3d 1109[A], 2005 NY Slip Op 51457[U] [Sup Ct, NY County 2005]). In *Gaffney*, plaintiffs asserted that they were unable to make a timely motion for summary judgment because a defendant failed to produce a witness for a deposition until after the note of issue was filed and the transcript of the deposition, which plaintiffs needed for purposes of consulting with and retaining an expert witness in connection with the motion, was not received by plaintiffs until after the deadline for making summary judgment motions had expired (2005 NY Slip Op 51457[U] at *2).* Supreme Court found that good cause existed to consider the merits of the motion, granted it, and this Court affirmed (18 AD3d 403 [2005]).

---

* A review of the record on appeal in *Gaffney* shows that, pursuant to a directive in a compliance conference order and consistent with the applicable local court rule (*see* Uniform Rules of Justices, NY County, Sup Ct, Civ Branch, rule 17), summary judgment motions had to be made within 60 days of the fil-

Here, in contrast to *Gaffney*, plaintiff, who received the deposition transcript several weeks before the deadline for making summary judgment motions, failed to articulate why he was unable to make a timely application for summary judgment. Accordingly, *Gaffney* neither controls our decision here nor persuasively demonstrates that we should substitute our discretion for that of Supreme Court. Therefore, we decline to disturb Supreme Court's exercise of its "broad discretion" in determining that no good cause existed to entertain the merits of the cross motion (*Fahrenholz v Security Mut. Ins. Co.*, 32 AD3d at 1328). Concur—Friedman, Catterson and McGuire, JJ.

Tom, J.P., and Saxe, J., dissent in a memorandum by Saxe, J., as follows: The IAS court's denial of plaintiff's cross motion, on the ground that it was made 11 days past the 120-day time limit of CPLR 3212 (a), was an improvident exercise of the court's discretion. We recognize that plaintiff's cross motion was untimely under CPLR 3212 (a), which requires that a summary judgment motion "shall be made no later than [120] days after the filing of the note of issue, except with leave of court on good cause shown," since plaintiff filed his cross motion 131 days after filing his note of issue (*see Brill v City of New York*, 2 NY3d 648 [2004]). Nor is the exception laid out in *Osario v BRF Constr. Corp.* (23 AD3d 202 [2005]), applicable here, since the untimely cross motion for summary judgment involved a different cause of action.

Nevertheless, plaintiff sufficiently established good cause for his minor, 11-day delay in making the motion. In *Gaffney v BFP 300 Madison II, LLC* (18 AD3d 403 [2005]), this Court found that the motion court providently exercised its discretion in granting the plaintiff's summary judgment motion on its merits, although it was made five days after the 120-day period of CPLR 3212 (a) had run—or 65 days after the shorter 60-day deadline of the applicable local court rule had run. As in *Gaffney*, the delay here was due, in part, to defendant's delay in producing its witness and a subsequent two-month delay in obtaining the transcript of the deposition. In both cases, receipt of the deposition transcript was necessary to the motion, and made the need for a short extension of the plaintiff's time to file a summary judgment understandable, providing a basis for finding good cause for plaintiff's short delay.

In exercising discretion to determine whether good cause was

ing of the note of issue. The note of issue was filed on March 31, 2004 and the deadline, accordingly, was Monday, May 31, 2004 (*see* General Construction Law § 25-a). The transcript was received in the end of June 2004, nearly one month after the deadline for making summary judgment motions expired.

shown for an 11-day delay, it is appropriate to take into account the difficulties with which the attorney was presented. To distinguish the cases on the ground that the plaintiff in *Gaffney* received the defendant's deposition transcript *after* the 60-day time limit had run, while here plaintiff received it *before* the 120-day time limit had run, ignores the essentially similar circumstances of the two plaintiffs' attorneys needing to await deposition and receipt of the transcript in order to prepare their motions. While *Gaffney* was *already* late with his motion (under the 60-day limit) by the time he received the transcript, and in the present case plaintiff was not yet late at that point, the question of whether good cause for the delay was shown is appropriately answered in the affirmative in both cases.

Moreover, the procedural history of the litigation supports excusing the minimal delay. While plaintiff was deposed on July 26, 2004, defendants failed to produce its witness for deposition until a year later, only when a so-ordered stipulation provided for a conditional preclusion upon failure to do so. Plaintiff could have filed his note of issue as late as September 30, 2005, and had he done so, the cross motion he made on December 13, 2005 would have been timely. But, understandably, in view of the delay up to that point, he chose instead to file it immediately upon completion of the deposition. Although plaintiff did not formally seek an extension of time for making the motion, in light of defendants' one-year delay in providing a witness for deposition, it seems inequitable not to excuse plaintiff's 11-day delay in making a summary judgment cross motion.

Turning to the merits, plaintiff established his entitlement to summary judgment on his Labor Law § 240 (1) claim. Notably, while defendants opposed plaintiff's cross motion on procedural grounds, they did not address the merits of his Labor Law § 240 (1) claim. The facts demonstrate that plaintiff's accident was attributable to the elevation risks contemplated by section 240 (1) (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509 [1991]). It is undisputed that plaintiff fell 20 feet from a steel column which he ascended at his supervisor's direction, and that he was not provided with any safety devices. Thus, plaintiff has demonstrated that the absence of a safety device of the kind enumerated in Labor Law § 240 (1) was a proximate cause of his injuries. On the unrefuted facts, plaintiff is entitled to summary judgment on his section 240 (1) claim (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513 [1985]).