■ BRILL & MEISEL, Respondent-Appellant, v JAMES M. BROWN et al., Appellants-Respondents. [979 NYS2d 283]—

The motion court properly considered defendants' untimely cross motion for summary judgment, because they sought dismissal of the same claims on which plaintiff timely sought summary judgment (*see Filannino v Triborough Bridge & Tunnel Auth.*, 34 AD3d 280, 281 [1st Dept 2006], *appeal dismissed* 9 NY3d 862 [2007]; *Osario v BRF Constr. Corp.*, 23 AD3d 202, 203 [1st Dept 2005]; *cf. Kershaw v Hospital for Special Surgery*, 114 AD3d 75 [1st Dept 2013] [motion incorrectly denominated a cross motion, untimely filed, will not be considered absent good cause shown]). In addition, the court properly considered defendants' cross motion notwithstanding that it was based on an unpleaded defense of discharge for cause, as plaintiff does not argue that it was surprised or prejudiced by the defense (*see Arteaga v City of New York*, 101 AD3d 454 [1st Dept 2012]).

The motion court erred in referring the discharge for cause issue to a special referee instead of denying the motions for summary judgment. There are numerous triable issues of fact, in addition to damages, on the issue of discharge for cause, and those factual issues are closely intertwined with plaintiff's claims of breach of contract, unjust enrichment and account stated, as well as defendants' counterclaim of legal malpractice (*see Marshall, Bratter, Greene, Allison & Tucker v Mechner*, 53 AD2d 537, 537-538 [1st Dept 1976]; *see also Matter of Bank of N.Y. [Ling Kuo Li]*, 269 AD2d 112, 113 [1st Dept 2000]).

The motion court further erred in concluding that plaintiff's allegedly negligent execution of a confidentiality agreement could not be a basis of discharge for cause because defendants did not learn of it until after they had discharged plaintiff. Misconduct that occurs before an attorney's discharge but discovered after the discharge may serve as a basis for a fee forfeiture (*see Coccia v Liotti*, 70 AD3d 747, 757 [2d Dept 2010], *lv dismissed* 15 NY3d 767 [2010]).

The motion court correctly found that issues of fact exist as to whether defendants sustained damages in connection with their malpractice counterclaim and whether plaintiff proximately caused those damages. In particular, the motion court correctly held that issues of fact exist as to whether defendants incurred unnecessary, as yet unreimbursed, attorneys' fees when plaintiff continued to pursue allegedly futile contempt proceedings in a Housing Court action even after Housing Court made clear it could not afford defendants any relief. Further, plaintiff failed to eliminate any triable issues of fact as to whether its conduct in signing a confidentiality agreement was the proximate cause of defendants' damages, as defendants allegedly incurred additional fees in procuring another inspection and report not covered by the agreement, and in attempting to overturn the agreement.

The motion court correctly ruled that any damages stemming from disclosure of defendant Altman's litigation outline are too speculative to support defendants' malpractice counterclaim (*see Russo v Feder, Kaszovitz, Isaacson, Weber, Skala & Bass*, 301 AD2d 63, 67 [1st Dept 2002]). Among other things, it is too speculative to conclude that cross-examination at Altman's deposition would have been shorter, and thus legal fees lower, but for disclosure of the outlines.

The motion court, however, erred in denying defendants' cross motion to strike plaintiff's references to a "Damages Analysis" as proof of the value of defendants' damages. The document was created for settlement purposes in a Supreme Court action

against the cooperative corporation of defendants' building. Such documents "are inadmissible to prove either liability or the value of the claims" (*CIGNA Corp. v Lincoln Natl. Corp.*, 6 AD3d 298, 299 [1st Dept 2004]; *see also* CPLR 4547).

As issues of fact remain regarding whether defendant was discharged for cause, summary judgment is not warranted on plaintiff's account stated claim (*see EMC Iron Works v Regal Constr. Corp.*, 7 AD3d 366, 367 [1st Dept 2004]). Defendants' timely written objections to plaintiff's final invoice, dated July 2, 2008, for work performed in the Supreme Court action also creates triable issues of fact as to plaintiff's account stated claim (*id.*). Defendants' general objections, however, to plaintiff's bills do not suffice to challenge the remainder of the amount owed (*see Schulte Roth & Zabel, LLP v Kassover*, 80 AD3d 500, 501 [1st Dept 2011], *lv denied* 17 NY3d 702 [2011]).

Given the numerous triable issues of fact regarding plaintiff's representation, triable issues of fact exist regarding plaintiff's performance of the retainer agreement. Accordingly, summary judgment is not warranted on plaintiff's breach of contract claim (*see Kluczka v Lecci*, 63 AD3d 796, 798 [2d Dept 2009]). Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Feinman and Clark, JJ.