Alicea v Gorilla Ladder Co. (2020 NY Slip Op 01960)





Alicea v Gorilla Ladder Co.


2020 NY Slip Op 01960


Decided on March 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2020

Renwick, J.P., Gische, Mazzarelli, Webber, Singh, JJ.


11285 304567/15

[*1]Osvaldo Alicea, Plaintiff-Respondent,
v
Gorilla Ladder Company, et al., Defendants-Appellants, Luz Valentin, Defendant.


McVey & Parsky, LLC, Chicago, IL (Jonathan R. Sichtermann of the bar of the State of Illinois, admitted pro hac vice, of counsel), for appellants.
McCartney Stucky LLC, Rye (Kathryn C. Llaurado of the bar of the State of California, the State of Minnesota and the State of Wisconsin, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about June 5, 2019, which, inter alia, denied the motion of defendants Gorilla Ladder Company, Tricam Industries, Inc. and The Home Depot U.S.A., Inc. for summary judgment dismissing plaintiff's claims alleging design defect and failure to warn, unanimously affirmed, without costs.
Plaintiff has withdrawn and discontinued his strict product liability and negligent manufacturing defect claims.
As to the design defect claim, "mere compliance with minimum industry standards is, at most, some evidence to be considered and is not a shield to liability" (Spiconardi v Macy's E., Inc., 83 AD3d 472, 473 [1st Dept 2011]). Here, the averments of plaintiff's expert, based on testing of the subject ladder and exemplars of other ladders in the industry, that the subject ladder was defective and unreasonably dangerous because its design included feet that were prone to wear and tear and slip out, raised issues of fact as to whether the ladder was defectively designed and the proximate cause of plaintiff's injuries (see Voss v Black & Decker Mfg. Co., 59 NY2d 102, 107 [1983]).
The denial of summary judgment on the failure to warn claim was also proper, since plaintiff's expert raised issues of fact as to whether the ladder's warnings failed to identify the foot slip-out danger or instruct the user of proper methods to mitigate such danger (see Feiner v Calvin Klein, Ltd., 157 AD2d 501 [1st Dept 1990]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 17, 2020
CLERK