Fritz v JLG Indus., Inc. (2021 NY Slip Op 02598)





Fritz v JLG Indus., Inc.


2021 NY Slip Op 02598


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Webber, J.P., Singh, González, Shulman, JJ. 


Index No. 309338/10, 303483/11, 84098/11 Appeal No. 13695-13695A Case No. 2020-02546 

[*1]Karl Fritz, Plaintiff-Respondent,
v
JLG Industries, Inc., et al., Defendants-Appellants, City of New York, Defendant.
Richard P. O'Keefe, Jr., Plaintiff-Respondent,
v
The City of New York, Defendant, Metropolitan Transportation Authority et al., Defendants-Appellants.
Metropolitan Transportation Authority et al., Third-Party Plaintiffs-Appellants- Respondents,
v
JLG Industries, Inc., et al., Third-Party Defendants-Respondents-Appellants, Campbell Engineering Support Services, Inc., Third-Party Defendant.


Colucci & Gallaher, P.C., Buffalo (Jaclyn F. Silver of counsel), for JLG Industries, Inc., appellant/respondent-appellant.
Harris Beach PLLC, New York (Jaime L. Regan of counsel), for United Rentals, Inc. and United Rentals (North America), Inc., appellants/respondents-appellants.
Cullen and Dykman LLP, New York (Adrienne Yaron of counsel), for Triborough Bridge and Tunnel Authority, MTA New York City Transit and Metropolitan Transportation Authority, appellants/appellants-respondents.
Howard R. Sanders, New York, for Karl Fritz, respondent.
Crafa & Sofield, P.C., Garden City (Thomas R. Sofield of counsel), for Richard P. O'Keefe, Jr., respondent.



Orders, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about February 24, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motions for summary judgment on the issue of liability on their Labor Law § 240(1) claims against defendants Triborough Bridge and Tunnel Authority and MTA New York City Transit, Metropolitan Transportation Authority, MTA Bridges & Tunnels (collectively, TBTA/MTA), denied defendants/third-party defendants JLG Industries, Inc.'s (JLG) and United Rentals, Inc. and United Rentals (North America), Inc.'s (together, United) motions for summary judgment dismissing the complaints, cross claims, and third-party complaint as against them, and denied as untimely TBTA/MTA's cross motion for summary judgment against JLG and United on the issue of common-law indemnification, unanimously modified, on the law, to grant JLG's motion for summary judgment dismissing plaintiff Fritz's strict products liability claim based on a manufacturing defect, and otherwise affirmed, without costs.
Any defect in the design of the boom lift that collapsed while plaintiffs were in its platform was not a superseding cause of the accident relieving TBTA/MTA of liability under Labor Law § 240(1) (see generally Gordon v Eastern Ry. Supply, 82 NY2d 555, 562 [1993]).
As neither Fritz nor TBTA/MTA opposed JLG's motion for summary judgment dismissing Fritz's strict products liability claim based on a manufacturing defect as against it, and neither makes any arguments about it on appeal, we dismiss that claim as abandoned (see Norris v Innovative Health Sys., Inc., 184 AD3d 471, 473 [1st Dept 2020]).
The court correctly denied JLG's motion for summary judgment dismissing Fritz's strict products liability claim based on a design defect as against it, given TBTA/MTA's experts' opinions that the outer mid boom retract wire ropes failed because of a long-term lack of up-close visual inspection and maintenance, which could not have been performed without completely disassembling the boom lift, due to its defective design (see e.g. Alicea v Gorilla Ladder Co., 181 AD3d 512 [1st Dept 2020]; Sanchez v Martin Maschinenbau GmbH & Co., 281 AD2d 284 [1st Dept 2001]; Napier v Safeguard Chem. Corp., 224 AD2d 310 [1st Dept 1996]).
Summary dismissal of Fritz's negligence claim against United was also correctly denied, given JLG's experts' opinions that it was possible to inspect the integrity of the outer mid boom retract wire ropes adequately without disassembling the entire boom lift and that United would have detected any issues with those wire ropes had it properly inspected and maintained the boom lift (see e.g. DeGidio v City of New York, 176 AD3d 452, 453-454 [1st Dept 2019], lv dismissed in part, denied in part 35 NY3d 963 [2020]; Parker v Crown Equip. Corp., 39 AD3d 347 [1st Dept 2007]).
The motion court could properly have considered TBTA/MTA's untimely cross motion for summary judgment on its common-law indemnification [*2]claims against JLG and United, since both JLG and United moved for summary judgment dismissing those claims (see Osario v BRF Constr. Corp., 23 AD3d 202 [1st Dept 2005]; Sanchez v 404 Park Partners, LP, 168 AD3d 491 [1st Dept 2019]; see generally Filannino v Triborough Bridge & Tunnel Auth., 34 AD3d 280, 281-282 [1st Dept 2006], appeal dismissed 9 NY3d 862 [2007]). Nevertheless, the motion should be denied on the merits. Indeed, no party is entitled to summary judgment as to those claims (see Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]). Not only do issues of fact remain as to JLG's and United's liability, as discussed, but TBTA/MTA has not yet demonstrated that it is only vicariously liable to plaintiffs and was not actually negligent, especially since plaintiffs' Labor Law § 200 and common-law negligence claims remain pending against it, and no one has advocated for their dismissal (see 11 Essex St. Corp. v Tower Ins. Co. of N.Y., 153 AD3d 1190, 1197 [1st Dept 2017]).
JLG's remaining argument that certain misstatements of fact by the motion court require reversal is unavailing (see Matter of Breann B., 185 AD2d 711 [4th Dept 1992]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021