Lucas v City of New York (2025 NY Slip Op 01580)

Lucas v City of New York

2025 NY Slip Op 01580

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Webber, J.P., Friedman, González, Scarpulla, Michael, JJ. 

Index No. 156695/15|Appeal No. 3909|Case No. 2024-01119|

[*1]Jeff Lucas, Plaintiff-Respondent,
v
City of New York, et al., Defendants, Trustees of Columbia University, incorrectly sued as Columbia University, et al., Defendants-Appellants. Trustees of Columbia University, incorrectly sued as Columbia University, et al. Third-Party Plaintiffs-Appellants,

Barker Patterson Nichols, LLP, Valhalla (Adonaid C. Medina of counsel), for appellants.
Jonathan D'Agostino & Associates, P.C., Staten Island (Glen Devora of counsel), for Jeff Lucas, respondent.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for Schneider Electric Holdings, Inc., and Schneider Electric Buildings Americas, Inc., respondents.
Lewis Brisbois Bisgaard & Smith, LLP, New York (James M. Strauss of counsel), for Workwell Partners, Corp., respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about January 11, 2024, which to the extent appealed from, denied the motion of defendants/third-party plaintiffs/second-third-party plaintiffs Trustees of Columbia University in the City of New York and ACC Construction Corp. for summary judgment dismissing plaintiff's Labor Law §§ 240(1), 200, and common-law negligence causes of action; denied the motion of Columbia and ACC Construction for summary judgment on their breach of contract cause of action against second third-party defendant/third third-party plaintiff Workwell Partners, Corp.; denied the motion of Columbia and ACC Construction for summary judgment on their third-party and second third-party claims against third-party defendants Schneider Electric Holdings, Inc. and Schneider Electric Buildings Americas, Inc. (collectively, the Schneider defendants) and Workwell, for contribution and common-law indemnification; granted plaintiff's cross-motion for summary judgment on the issue of liability on his Labor Law § 240(1) cause of action; and granted the motion of the Schneider defendants for summary judgment dismissing the third-party complaint as against them, unanimously affirmed, without costs.
Plaintiff was working as a journeyman electrician installing wall thermostats for a renovation project at Columbia's Mudd Hall when a stack of 8 to 10 pieces of plexiglass tipped over and struck his feet, injuring him. Each plexiglass panel was approximately 9 feet tall, 46 inches wide, ½-inch thick, and weighed between 200 to 300 pounds. Plaintiff testified that the stacked panels were resting lengthwise on the ground against a wall, reaching the approximate height of his waist.
Columbia owned the premises and ACC Construction was the general contractor on the project. Nonparty DirectAire subcontracted the Schneider defendants to supply the thermostat components and related software. The Schneider defendants subcontracted plaintiff's employer to install the thermostats. ACC Construction subcontracted Workwell to install demountable partitions and Workwell in turn hired third-party defendant American Storage & Transportation, Inc. to deliver Workwell's materials to the site, including the glass panels at issue.
Supreme Court correctly granted plaintiff's cross-motion for summary judgment on liability on his Labor Law § 240(1) cause of action. Initially, Columbia's and ACC's argument that plaintiff's cross-motion was untimely is unavailing because plaintiff's cross-motion sought nearly identical relief as Columbia's and ACC Construction's motion for summary judgment on the same claim (see Connor v AMA Consulting Engrs. PC, 213 AD3d 483, 484 [1st Dept 2023], lv denied and dismissed 40 NY3d 1088 [2024]; Fritz v JLG Indus., Inc., 193 AD3d 641, 643 [1st Dept 2021]). As to the merits of the claim, plaintiff established prima facie entitlement to summary judgment through deposition testimony and photographs. The unrebutted opinion [*2]of plaintiff's expert established that even though the load was positioned on the same level as plaintiff and only fell a short distance, the weight of the plexiglass panels was capable of generating extraordinary force such that securing devices of the kind enumerated in Labor Law § 240(1) were needed to stabilize the load and make the worksite safe (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10 [2011]; Grigoryan v 108 Chambers St. Owner, LLC, 204 AD3d 534, 534 [1st Dept 2022]; see also Spero v 3781 Broadway, LLC, 214 AD3d 546, 547 [1st Dept 2023]). In opposition, Columbia and ACC Construction failed to raise a triable issue of fact. The evidence thus establishes that a violation of Labor Law § 240(1) proximately caused plaintiff's accident. Columbia and ACC Construction's sole proximate cause argument is therefore unavailing because plaintiff cannot be solely blamed for his injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]; Quiroz v Memorial Hosp. for Cancer & Allied Diseases, 202 AD3d 601, 604 [1st Dept 2022]).
The court properly denied Columbia's and ACC Construction's motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence causes of action because there was evidence that ACC Construction instructed Workwell where to stage the glass panels at the worksite. Moreover, there is evidence that ACC Construction's staging instructions differed from the regular practice of Workwell's delivery subcontractor, raising triable issues of fact as to whether ACC Construction supervised the means and methods of the injury producing work or had a part in creating a hazardous staging condition (see Cackett v Gladden Props., LLC, 183 AD3d 419, 420-421 [1st Dept 2020]; Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [1st Dept 2012]). 
The Schneider defendants are entitled to summary judgment dismissing Columbia's and ACC Construction's third-party complaint because the record is devoid of evidence of negligence on the part of the Schneider defendants in causing plaintiff's accident (CPLR 1401; see McCarthy v Turner Const., Inc., 17 NY3d 369, 375-376 [2011]; Raquet v Braun, 90 NY2d 177, 182-183 [1997]). Notably, the Schneider defendants had no employees at the renovation site during the installation work.
The court properly denied Columbia's and ACC Construction's motion for partial summary judgment on their causes of action for contribution and common-law indemnification against Workwell. Regarding the contribution claim, triable issues of fact remain as to whether Workwell was non-negligent in the cause of plaintiff's accident. As to the common-law indemnification claim, ACC Construction, as the indemnitee, must show that it was non-negligent and neither caused the accident nor supervised and controlled the injury-producing work (see Naughton v City of New York, 94 AD3d 1, 6 [1st Dept 2012]). There are triable issues of fact as to whether ACC Construction [*3]was negligent and contributed to the occurrence of plaintiff's accident by directing the placement of the glass panels and by directing that the staging take place while other trades were working in the area.
The court likewise properly denied Columbia's and ACC Construction's motion for summary judgment against Workwell for breach of contract for failure to procure insurance. In support of this motion, Columbia and ACC Construction were required to show via testimonial or documentary evidence from Workwell's insurer that they were not named as insureds on any policies issued (see Dorset v 285 Madison Owner LLC, 214 AD3d 402, 404 [1st Dept 2023]; see also Cooper v Building 7th St. LLC, 231 AD3d 533, 534 [1st Dept 2024]). Columbia's and ACC Construction's unsubstantiated
statements that Workwell lacked the requisite insurance did not meet their prima facie burden. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025