| DiPietro v Gottlieb |
|---|
| 2025 NY Slip Op 31138(U) |
| April 7, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152550/2023 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: <u>**HON. MARY V. ROSADO**</u>       PART       33M

*Justice*

-------------------------------------------------------------------------X

ANTHONY T. DIPIETRO, THE LAW OFFICE OF ANTHONY
T. DIPIETRO, PC

                       Plaintiff,

         - v -

DAVID E. GOTTLIEB, WIGDOR,LLP,

                      Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152550/2023 |
| MOTION DATE | 07/31/2023 |
| MOTION SEQ. NO. | 001 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 33, 34, 35, 39

were read on this motion to/for                   DISMISS            .

Upon the foregoing documents, and after a final submission date of January 14, 2025, Plaintiffs Anthony T. DiPietro, Esq. and the Law Office of Anthony T. DiPietro, P.C. ("Plaintiffs") motion to dismiss Defendants David E. Gottlieb, Esq. ("Gottlieb") and Wigdor, LLP's ("Wigdor") (collectively "Defendants") counterclaims pursuant to CPLR 3211(a)(1), (a)(3), and (a)(7) is denied.

## I.     Background

Prior to this lawsuit, Plaintiffs represented 147 women victims of alleged sex abuse by Dr. Robert A. Hadden, an obstetrician-gynecologist employed at Columbia University Medical Center/New York Presbyterian Hospital ("Columbia"). After mediation, in July 2022, Columbia offered $165 million to settle with the 147 women pursuant to a Master Settlement Agreement (the "Settlement Agreement"). However, one of those women, Jane Doe #2, refused the terms of the Settlement Agreement, discharged Plaintiffs, and retained Defendants. A few months later,

152550/2023   DIPIETRO ESQ, ANTHONY T. ET AL vs. GOTTLIEB ESQ, DAVID E. ET AL       Page 1 of 7
Motion No.  001

[* 1]

1 of 7

Defendants and Jane Doe #2 separately settled with Columbia for a greater amount than she would have been awarded under the Settlement Agreement, and Defendants obtained a contingency fee.

In this action, Plaintiffs assert an attorney's lien against Defendants' contingency fee. Defendants in turn counterclaim for declaratory judgment that Plaintiffs forfeited their lien because they were terminated for cause. Specifically, Defendants allege Plaintiffs were terminated because of alleged violations of the New York Rules of Professional Conduct and due to an alleged breach of fiduciary duty. Now, Plaintiffs move to dismiss Defendants' three alleged counterclaims.

## II.    Discussion

### A. Standard

A motion to dismiss based on documentary evidence pursuant to CPLR § 3211(a)(1) is appropriately granted only when the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*Goshen v Mutual Life Ins. Co. of New York*, 98 NY2d 314 [2002]). The documentary evidence must be unambiguous, of undisputed authenticity, and its contents must be essentially undeniable (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019]).

When reviewing a motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). All factual allegations must be accepted as true (*Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept 2004]).

### B.  Rule 1.7(a)(1)

Plaintiffs' motion to dismiss Defendants' counterclaim alleging a forfeiture of legal fees due to a violation of New York Rule of Professional Conduct 1.7(a)(1) is denied. Rule 1.7(a)(1)

[* 2]

prohibits a lawyer from representing a client if a reasonable lawyer would conclude that "the representation will involve the lawyer in representing differing interests."

Here, Defendants allege that Plaintiffs' representation of Jane Doe #2 during the negotiation of the Settlement Agreement violated Rule 1.7(a)(1) because Plaintiffs attempted to maximize their own fee by effectuating the maximum number of settlements possible at the expense of a higher settlement value for Jane Doe #2's individual claims. It is further alleged Plaintiffs did not obtain Jane Doe #2's informed consent when the conflict of interest became evident. Allegedly, Plaintiffs agreed in the Settlement Agreement that they were obligated to make their "best efforts" to persuade all 147 clients to sign the agreement and to provide a release. If just one of Plaintiffs' clients did not sign the agreement, Columbia could unilaterally void the agreement (NYSCEF Doc. 7 at ¶ 65). After the agreement was reached, Plaintiffs e-mailed all 147 women and stated that anyone who does not participate in the global settlement "should be prepared to fully litigate their case through trial and verdict" and that "Columbia will not offer a better settlement than they have currently." (NYSCEF Doc. 23 at page 39).

Accepting these allegations as true and giving Defendants the benefit of all favorable inferences, as this Court must on a CPLR 3211(a)(7) motion to dismiss, Defendants have adequately alleged a counterclaim premised on a violation of Rule 1.7(a)(1) (*see Brill & Meisel v Brown*, 113 AD3d 435, 436 [1st Dept 2014]). Nor does the documentary evidence utterly refute Defendants' counterclaim alleging a violation of Rule 1.7(a)(1). Although e-mails can, in certain cases, be considered documentary evidence (*see, e.g. Art and Fashion Group*, 120 AD3d 436, 438 [1st Dept 2014]), where they fail to establish conclusively a defense and simply contest the accuracy of allegations, they are insufficient (*Amsterdam Hospitality Group, LLC v Marshall-Alan Associates, Inc.*, 120 AD3d 431, 433 [1st Dept 2014]).

152550/2023  DIPIETRO ESQ, ANTHONY T. ET AL vs. GOTTLIEB ESQ, DAVID E. ET AL          Page 3 of 7
Motion No. 001

3 of 7

[* 3]

The one-page retainer agreement (NYSCEF Doc. 9), signed after Plaintiffs executed a mediation agreement with Columbia to settle the Hadden claims *en masse*, makes no mention of an aggregate settlement, nor any disclosure that Plaintiffs were representing numerous other victims of Dr. Hadden, and that Jane Doe #2's claims may be prosecuted and resolved collectively with the numerous other victims. Nor is there any conflict waiver or formal written informed consent submitted in support of the motion. At this juncture, the Court cannot definitively find that the e-mails and text messages are sufficient to dispose definitively of Defendants' counterclaim (*see, e.g. In re New York Diet Drug Litig.*, 15 Misc.3d 1114[A] [Sup. Ct. NY Co. 2006]). The motion to dismiss Defendants' counterclaim alleging a violation of Rule 1.7(a)(1) is denied (*see also Johnson v Nextel Communications, Inc.*, 660 F3d 131 [2d Cir. 2011] [finding terms of mass settlement agreement created conflicts of interest and precluded attorney's ability to deal fairly and with undivided loyalty to clients]).

### C. Rule 1.8(g)

Plaintiffs' motion to dismiss Defendants' counterclaim alleging a forfeiture of any legal fees due to a violation of New York Rule of Professional Conduct 1.8(g) is denied. Rule 1.8(g) provides:

> "[a] lawyer who represents two or more clients shall not participate in making an aggregate settlement of the claims of or against the clients, absent court approval, unless each client gives informed consent in a writing signed by the client. The lawyer's disclosure shall include the existence and nature of all the claims involved and of the participation of each person in the settlement."

The Court finds Plaintiffs' argument that it obtained "court approval" and therefore its conduct is excepted from 1.8(g) to be unavailing. First, Plaintiffs failed to submit the complete executed Settlement Agreement signed by Magistrate Katharine H. Parker, and instead only submitted the signature page (NYSCEF Doc. 35). The signature page of an agreement, without the

**152550/2023  DIPIETRO ESQ, ANTHONY T. ET AL vs. GOTTLIEB ESQ, DAVID E. ET AL**   **Page 4 of 7**
**Motion No.  001**

[* 4]                                                    4 of 7

entirety of the agreement, cannot be considered documentary evidence conclusive enough to succeed on a CPLR 3211(a)(1) motion to dismiss. Moreover, Magistrate Parker's signature approving the Settlement Agreement is dated July 13, 2022. However, e-mail correspondence shows the aggregate settlement negotiations were taking place for months prior to her alleged "approval" (*see also* NY City Bar Assn Comm on Prof Ethics Formal Op 2020-3 [2020] [negotiating a settlement agreement falls within the scope of Rule 1.8(g)]). Thus, there is an issue as to whether Plaintiffs were negotiating the settlement without Court and client approval. Further, there remain issues as to whether the parties had apprised Magistrate Parker of their failure to obtain written informed consent authorizing Plaintiffs to participate in the aggregate settlement negotiations.

Finally, the "court approval" exception applies only in the context where client consent cannot be obtained – such as class and derivative actions (NY City Bar Assn Comm on Prof Ethics Formal Op 2020-3 [2020]; *see also Simon's NY Rules of Prof Conduct Annotated* § 1.8:97 [July 2024]). On this pre-answer motion to dismiss, it has not been demonstrated conclusively that it was infeasible for Plaintiffs to obtain Jane Doe # 2's written informed consent. Therefore, this branch of Plaintiffs' motion to dismiss is denied.

### D. Breach of Fiduciary Duty

Plaintiffs' motion to dismiss Defendants' third counterclaim seeking declaratory judgment that Plaintiffs forfeited their legal fee due to breaches of fiduciary duty is denied. Plaintiffs' argument that Defendants do not have standing misses the mark. Defendants will suffer an injury due to a reduced contingency fee if this Court ultimately finds that Plaintiffs were terminated without cause and maintain their charging lien, while Defendants will be able to maintain their entire contingency fee if this Court ultimately finds that Plaintiffs were terminated due to alleged

breaches of fiduciary duties (*see, e.g. Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d 1, 8-10 [1st Dept 2008]). The potential charging lien on Defendants' contingency fee constitutes sufficient injury-in-fact to confer upon Defendants' a legal stake in the adjudication of whether Plaintiffs breached their fiduciary duties to Jane Doe #2 (*see, e.g. New York Univ. v City of New York*, 230 AD3d 416, 420 [1st Dept 2024]).

Plaintiffs' remaining arguments that Defendants have failed to state a claim, or that the counterclaim premised on a breach of fiduciary duty is definitively contradicted by the documentary evidence, have already been addressed and rejected in the preceding sections. Therefore, this branch of Plaintiffs' motion to dismiss is denied.

Accordingly, it is hereby,

ORDERED that Plaintiffs Anthony T. DiPietro, Esq. and the Law Office of Anthony T. DiPietro, P.C. motion to dismiss Defendants David E. Gottlieb, Esq. and Wigdor, LLP's counterclaims pursuant to CPLR 3211(a)(1), (a)(3), and (a)(7) is denied; and it is further

ORDERED that within twenty days of entry, Plaintiffs shall serve a response to Defendants' counterclaims; and it is further

ORDERED that the parties shall meet and confer and submit a preliminary conference order to the Court via e-mail to SFC-Part33-Clerk@nycourts.gov as soon as possible, but no later than August 18, 2025. If the parties cannot agree to a preliminary conference, they shall appear for an in-person preliminary conference at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York on August 20, 2025; and it is further

*[The remainder of this page is intentionally left blank.]*

**152550/2023   DIPIETRO ESQ, ANTHONY T. ET AL vs. GOTTLIEB ESQ, DAVID E. ET AL**     Page 6 of 7
**Motion No.  001**

6 of 7

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 4/7/2025 | | | | _Mry V Ros.d JSC_ | |
|---|---|---|---|---|---|
| DATE | | | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**152550/2023   DIPIETRO ESQ, ANTHONY T. ET AL vs. GOTTLIEB ESQ, DAVID E. ET AL**
**Motion No.  001**

**Page 7 of 7**

7 of 7